UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE OPOKU-AGYEMANG,

           Plaintiff,        Civil Action No. 18-13125

v.                                    Terrence G. Berg
                                    United States District Judge

SCOTT MONTGOMERY, *et al.*,      David R. Grand
                                    United States Magistrate Judge

           Defendants.
_____/

## REPORT AND RECOMMENDATION TO
## DISMISS IN PART PLAINTIFF'S COMPLAINT

**I.    RECOMMENDATION**

*Pro se* plaintiff George Opoku-Agyemang ("Plaintiff") has been granted leave to proceed *in forma pauperis* in this matter. (ECF No. 6). On November 3, 2021, this case was referred to the undersigned for all pretrial purposes pursuant to 28 U.S.C. § 636(b). (ECF No. 25). The Court now having assessed the sufficiency of Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915(e), **IT IS RECOMMENDED** that Plaintiff's amended complaint be **DISMISSED IN PART**, as set forth below.

**II.    REPORT**

    **A.    Background**

On October 5, 2018, Plaintiff, a Michigan state prisoner, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. (ECF No. 1). In his complaint, Plaintiff pled a First Amendment retaliation claim against Defendants Scott Montgomery and Ms. Parker. On

February 12, 2019, waivers of service were returned unexecuted for each of these defendants. (ECF Nos. 9, 10). On January 21, 2021, the Court ordered the Michigan Department of Corrections ("MDOC") to provide addresses for Montgomery and Parker so that service could be effectuated. (ECF No. 19). On February 6, 2021, however, the Court received a letter from the MDOC, in which it indicated that Montgomery and Parker were not MDOC employees; thus, the MDOC was unable to provide the Court with their last known addresses. (ECF No. 20).

On October 20, 2021, before these individuals were served, Plaintiff filed a "Verified First Amended/Supplement Complaint with Jury Demand." (ECF No. 24). In his amended complaint,[1] Plaintiff names twenty-four defendants, including Parker and Montgomery, and alleges violations of the First, Eighth, and Fourteenth Amendments. For the reasons set forth below, the Court recommends dismissing Defendants Vlade, Eggleston, Molloy, Parish, Hogan, Bordin, Wallace, Chapman, Huber, Boomershine, Morris, Thompson, Forsythe, Harris, Rogers, Wright, Yarmalenka, Zwolenski, McGarry, and Doe.

### B. Legal Standard

Under the Prison Litigation Reform Act ("PLRA"), the Court is required to *sua*

---

[1] Fed. R. Civ. P. 15(d) provides that, "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Here, where no motion was filed, the filing of a supplemental complaint was inappropriate. Pursuant to Fed. R. Civ. P. 15(a)(1)(A), however, Plaintiff was permitted to amend his complaint once as a matter of course, as service has not yet been accomplished. In the interests of justice, the Court will consider the allegations contained in both Plaintiff's complaint and amended complaint in evaluating the sufficiency of his pleadings.

*sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). Similarly, under 28 U.S.C. § 1915A, the Court must dismiss a complaint seeking redress against government entities, officers, and employees where it finds the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A *pro se* civil rights complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought[.]" Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to give the defendant fair notice of what the claim is and the grounds upon which it rests. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). Rather, "a complaint must

3

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556. Put another way, the complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 550 U.S. at 555-56).

In deciding whether a plaintiff has set forth a "plausible" claim, the Court must accept the factual allegations in the complaint as true. *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). That tenet, however, "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," to prevent a complaint from being dismissed on grounds that it fails to comport sufficiently with basic pleading requirements. *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555; *Howard v. City of Girard, Ohio*, 346 F. App'x 49, 51 (6th Cir. 2009). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *See Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). A plaintiff must also allege that the deprivation of rights was intentional, not merely negligent. *See Davidson v. Cannon*, 474 U.S. 344, 348 (1986).

### C. Discussion

#### 1. Defendants Parish, Hogan, Chapman, Boomershine, Morris, and Forsythe

Dismissal of Plaintiff's amended complaint is appropriate as to Defendants Parish, Hogan, Chapman, Boomershine, Morris, and Forsythe, as Plaintiff has not sufficiently alleged their personal involvement in any alleged wrongdoing. In order to demonstrate liability under § 1983 as to any particular defendant, a plaintiff must make a clear showing that each defendant was personally involved in the activity that forms the basis of the complaint. *See Rizzo v. Goode*, 423 U.S. 362, 377 (1976); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Moreover, § 1983 liability cannot be premised upon mere allegations of *respondeat superior*, *i.e.*, supervisory liability; rather, a defendant can only be liable under § 1983 if the plaintiff shows that he personally participated in, or otherwise authorized, approved, or knowingly acquiesced in, the allegedly unconstitutional conduct. *See Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Bellamy*, 729 F.2d at 421. A supervisory official's mere awareness of a complaint of allegedly illegal conduct, and his subsequent failure to take corrective action, is insufficient to trigger §

1983 liability. *See Poe v. Haydon*, 853 F.2d 418, 429 (6th Cir. 1988). Rather, liability under § 1983 must be based upon active unconstitutional behavior, not a "mere failure to act." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

In this case, although Defendants Parish, Hogan, Chapman, Boomershine, Morris, and Forsythe are named as defendants in Plaintiff's amended complaint, the amended complaint contains no specific factual allegations pertaining to any of them. Indeed, Plaintiff indicates only that Parish "was the warden at RGC" and that Chapman was the "warden [at] ARF." (ECF No. 24, PageID.77, 78). Plaintiff makes no allegations whatsoever against Hogan, Boomershine, Morris, or Forsythe. Thus, dismissal of Plaintiff's claims against Defendants Parish, Hogan, Chapman, Boomershine, Morris, and Forsythe is appropriate.

2.   *Defendants Vlade, Eggleston, Molloy, Doe, and Huber*

Plaintiff's allegations against Defendants Vlade, Eggleston, Molloy, Doe, and Huber appear to center around a mental examination allegedly conducted at some unspecified time in the past. Specifically, with respect to these individuals, Plaintiff alleges that: (1) "Parole Supervisor Ms. Vlade commented that I need a mental evaluation"; (2) "Sgt. Eggleston, ADW Molloy and their minions used Ms. Vlade's comment to conspire and created plaintiff mentally ill through a Female psychiatrist that limbs [sic] (Ms. Doe)"; and (3) the "mental examination through Ms. Huber [was used] to send plaintiff back on the compound[.]" (ECF No. 24, PageID.78). Plaintiff's allegations against these defendants fail to state a claim. Specifically, as to Vlade and Huber, Plaintiff alleges only that they commented that he needed a mental examination and conducted a mental

6

examination, respectively, neither of which constitutes a constitutional violation. Similarly, with respect to Plaintiff's allegation that Eggleston and Molloy conspired to find him mentally ill, Plaintiff says nothing about what actions allegedly were taken by such defendants, when these actions occurred, or the purpose or result of the actions. As such, Plaintiff's statements – without greater detail or specificity – fail to state a claim. *See, e.g., Arsan v. Keller*, 784 F. App'x 900, 913-14 (6th Cir. 2019) ("Plaintiffs must plead conspiracy claims 'with some degree of specificity and … vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim.'") (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987)).

### 3. *Defendants Bordin and Wallace*

Plaintiff's allegations against Defendants Bordin and Wallace make little sense and likewise are insufficient to state a claim. Specifically, with respect to these individuals, Plaintiff alleges that, on June 15, 2021, he was "unusually placed in front of a computer w[h]ere correctional officer Wallace['s] voice was used as mine!" (ECF No. 24, PageID.78). Elsewhere, Plaintiff alleges that Wallace and Bordin impersonated his voice, thus violating his rights under the Fourth, Eighth, and Fourteenth Amendments. (*Id.*, PageID.82).

As an initial matter, Plaintiff filed his complaint in October 2018; the actions he alleges Bordin and Wallace to have taken occurred in 2021 have no relationship to the allegations at the heart of this action – namely, that Plaintiff was retaliated against in 2017 for the filing of a grievance. As this Court previously has recognized:

7

> While supplemental claims need not arise out of the transaction or occurrence that gave rise to the original complaint, there must be some connection between the claims as filed and the supplemental ones: [a] supplemental pleading cannot be used to introduce a separate, distinct and new cause of action.

*Goldman v. Elum*, No. 19-10390, 2019 WL 3289819, at *5 (E.D. Mich. July 22, 2019) (internal citations and quotation marks omitted). Here, even if Plaintiff had properly sought the Court's permission to supplement his complaint, he would not have been permitted to assert claims that have no relationship to or link with the original complaint.

Moreover, turning to the substance of Plaintiff's allegations against Bordin and Wallace, he fails to set forth allegations of wrongdoing in any detail whatsoever, nor does he explain how these individuals' alleged actions violate the Constitution. For these reasons, Plaintiff's claims against Defendants Bordin and Wallace should be dismissed.

### 4. *Defendant Thompson*

As to Defendant Thompson, Plaintiff alleges that she "witheld [sic] Court evidence that [he] could have presented to exonerate [himself]." (ECF No. 24, PageID.79). Elsewhere, in his request for relief, Plaintiff asks that the Court require Thompson to "admit to the Kalamazoo Court, for how she witheld [sic] evidence that could have exonerated [him] through the fruit of the poisonous tree that caused liberty to be taken …." (*Id.*, PageID.83). Plaintiff fails to allege any facts regarding the context in which Thompson allegedly withheld evidence, what evidence was withheld, or how that evidence could have "exonerated" Plaintiff. Under the circumstances, where Plaintiff's allegations consist of nothing more than conclusory allegations of wrongdoing, dismissal of Plaintiff's claims against Thompson is appropriate. *See Porter v. U.S. Dist. Court of Eastern Dist. of*

8

*Mich.*, No. 21-12842, 2022 WL 275504, at *2 (E.D. Mich. Jan. 28, 2022) (dismissal appropriate where complaint contains only a "conclusory list of allegations with no discernable factual predicates"). *See also Twombly*, 550 U.S. at 555-56; *Iqbal*, 556 U.S. at 678.

### 5. Defendants Harris, Rogers, Wright, and Yarmalenka

Read generously, Plaintiff's allegations against Defendants Harris, Rogers, Wright, and Yarmalenka, appear to relate to a claim that he was denied a fair parole hearing because of his race. (ECF No. 24, PageID.78, 82). However, Plaintiff provides no factual basis for this claim whatsoever, and instead simply makes broad conclusory assertions such as that these defendants "denied plaintiff a fair parole hearing" and "racially discriminated against plaintiff by violating due-process . . ." (*Id.*). As explained above, such conclusory allegations, without any factual details about the defendants' alleged wrongdoing, are insufficient as a matter of law to state a claim. *Twombly*, 550 U.S. at 555-56; *Iqbal*, 556 U.S. at 678.

### 6. Defendants Zwolenski and McGarry

Plaintiff also alleges that he was deprived of due process when Defendant McGarry issued him a fabricated misconduct ticket, on which Defendant Zwolenski wrongfully found him guilty. (ECF No. 24, PageID.78). The Fourteenth Amendment protects an individual from deprivation of life, liberty or property, without due process of law. *See Bazzetta v. McGinnis*, 430 F.3d 795, 801 (6th Cir. 2005). Analysis of a procedural due process claim involves two steps: "[T]he first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the

procedures attendant upon that deprivation were constitutionally sufficient...." *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989) (citations omitted).

However, the Supreme Court has long held that the Due Process Clause does not protect every change in the conditions of confinement having an impact on a prisoner. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976). Rather, a prisoner is entitled to the protections of due process only when the sanction "will inevitably affect the duration of his sentence" or when a deprivation imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 486-87 (1995). Here, Plaintiff has not alleged that the misconduct charge for which he was convicted falls into either of these categories, nor has he set forth facts suggesting that was the case. Thus, Plaintiff fails to state a due process claim based on the allegedly false misconduct charges. *Twombly*, 550 U.S. at 555-56; *Iqbal*, 556 U.S. at 678.

### 7. The Remaining Defendants

With respect to the remaining Defendants, Plaintiff's allegations are sufficient to survive screening under § 1915(e). For example, with respect to Defendants Montgomery and Parker, Plaintiff alleges that they retaliated against him for filing a grievance on August 28, 2017, by removing him from the Residential Substance Abuse Treatment ("RSAT") program. (ECF No. 1, PageID.7). Similarly, Plaintiff alleges that Defendant Ramonski retaliated against him for filing a grievance by "withholding [his] legal mail." (ECF No. 24, PageID.78, 80). A prisoner's claim that prison officials retaliated against him for engaging in protected conduct is grounded in the First Amendment. *See Thaddeus-x v. Blatter*, 175 F.3d 378, 388 (6th Cir. 1999). A retaliation claim has three elements: (1) the

10

plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there was a causal connection between elements one and two, *i.e.*, the adverse action was motivated, at least in part, by the plaintiff's protected conduct. *Id.* at 394. Here, where Plaintiff alleges that he filed one or more grievances, and that Montgomery, Parker, and Ramonski took adverse action against him by removing him from the RSAT program and/or withholding his legal mail because of this protected activity, he states sufficient allegations to proceed past this initial screening stage on his retaliation claims against these defendants.

As to Defendant Dinsa, Plaintiff appears to allege that this doctor wrongfully prescribed Haldol and Risperdal based on false information, and without Plaintiff "exhibiting any signs of mental illness that almost cost plaintiff his life." (ECF No. 24, PageID.78). It is well "settled that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (internal quotation marks omitted). The Supreme Court, moreover,

> has recognized that mentally ill state prisoners have a "significant liberty interest" in avoiding unwanted antipsychotic drugs. Although the Supreme Court … addressed due process challenges and not Eighth Amendment claims, the logical inference from these holdings is that subjecting a prisoner to involuntary medication when it is not absolutely necessary or medically appropriate is contrary to the "evolving standards of decency" that underpin the Eighth Amendment.

*Thompson v. Bell*, 580 F.3d 423, 439-40 (6th Cir. 2009) (internal citations omitted). Thus, to the extent Plaintiff alleges that Dinsa involuntarily administered Haldol and Risperdal for purposes of punishment, he has sufficiently stated a claim under the Eighth Amendment.

### D. Conclusion

For the reasons set forth above, the Court **RECOMMENDS** dismissing Defendants Vlade, Eggleston, Molloy, Parish, Hogan, Bordin, Wallace, Chapman, Huber, Boomershine, Morris, Thompson, Forsythe, Harris, Rogers, Wright, Yarmalenka, Zwolenski, McGarry, and Doe.

Dated: April 21, 2022  
Ann Arbor, Michigan

s/David R. Grand  
DAVID R. GRAND  
United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to the proposed findings and recommendations set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also*

*Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 21, 2022.

                                                s/Eddrey O. Butts  
                                                EDDREY O. BUTTS  
                                                Case Manager