UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE OPOKU-AGYEMANG,

                Plaintiff,        Civil Action No. 18-13125

v.                                  Terrence G. Berg
                                  United States District Judge

SCOTT MONTGOMERY, *et al.*,    David R. Grand
                                  United States Magistrate Judge

                Defendants.
_____/

### REPORT AND RECOMMENDATION TO GRANT DEFENDANT ROMANOWSKI'S MOTION FOR SUMMARY JUDGMENT (ECF No. 42)

On February 1, 2023, Defendant Ken Romanowski ("Romanowski") filed a Motion for Summary Judgment on the Basis of Exhaustion. (ECF No. 42). *Pro se* plaintiff George Opoku-Agyemang ("Plaintiff"), an incarcerated person, filed a response to this motion on February 22, 2023 (ECF No. 45), and Romanowski filed a reply on March 16, 2023 (ECF No. 46). An Order of Reference was entered on November 3, 2021, referring all pretrial matters to the undersigned pursuant to 28 U.S.C. § 636(b). (ECF No. 25).

Generally, the Court will not hold a hearing on a motion in a civil case in which a party is in custody. *See* E.D. Mich. LR 7.1(f). Here, the Court finds that the facts and legal issues are adequately presented in the briefs and on the record, and it declines to order a hearing at this time.

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Romanowski's

Motion for Summary Judgment on the Basis of Exhaustion **(ECF No. 42)** be **GRANTED**.

**II.     REPORT**

    **A.     Background**

Plaintiff is a Michigan Department of Corrections ("MDOC") prisoner and is currently confined at the G. Robert Cotton Correctional Facility in Jackson, Michigan. He brings this civil rights action pursuant to 42 U.S.C. § 1983, alleging, in relevant part, in his amended complaint, that Romanowski retaliated against him by withholding his legal mail.[1] (ECF No. 24, PageID.78, 82). Although Plaintiff does not specify in his amended complaint when this alleged retaliation took place, his original complaint details events occurring in August and September of 2017, when he was housed at the Detroit Reentry Center (ECF No. 1, PageID.7, 9, 17), so it appears Plaintiff is also claiming that Romanowski retaliated against him during this same time period.[2] Romanowski now moves for summary judgment, arguing that Plaintiff failed to properly exhaust his administrative remedies against him before filing the instant lawsuit.

---

[1] In his original complaint, filed on October 5, 2018, Plaintiff pled only a First Amendment retaliation claim against two other individuals – Scott Montgomery and "Ms. Parker." (ECF No. 1). On October 20, 2021, Plaintiff filed a "Verified First Amended/Supplement Complaint with Jury Demand" (ECF No. 24), which is the operative complaint in this case. In that amended complaint, Plaintiff named twenty-four defendants. Subsequently, however, this Court issued a Report and Recommendation ("R&R") to dismiss in part Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915. (ECF No. 27). The R&R was adopted by the Honorable Terrence G. Berg on September 9, 2022. (ECF No. 28). Thus, there are four remaining defendants in this case: Scott Montgomery; Ms. Parker; "Dr. Dinsa;" and the moving party, Romanowski.

[2] In his motion for summary judgment, Romanowski makes this same assumption. (ECF No. 42, PageID.147). In his response, Plaintiff does not contest Romanowski's assumption, nor does he assert that the actions at issue herein took place during a different time period. (ECF No. 45).

2

## B. Standard of Review

Pursuant to Federal Rule of Civil Procedure 56, the Court will grant summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Pittman v. Cuyahoga County Dep't of Children & Family Servs.*, 640 F.3d 716, 723 (6th Cir. 2011). A fact is material if it might affect the outcome of the case under governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether a genuine issue of material fact exists, the Court assumes the truth of the non-moving party's evidence and construes all reasonable inferences from that evidence in the light most favorable to the non-moving party. *See Ciminillo v. Streicher*, 434 F.3d 461, 464 (6th Cir. 2006).

The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion and must identify particular portions of the record that demonstrate the absence of a genuine dispute as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). In response to a summary judgment motion, the opposing party may not rest on its pleadings, nor "'rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact' but must make an affirmative showing with proper evidence in order to defeat the motion." *Alexander*, 576 F.3d at 558

(internal quotations omitted).

### C. Analysis

In his motion, Romanowski argues that summary judgment is warranted on Plaintiff's claim against him because Plaintiff failed to properly exhaust his administrative remedies, as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). (ECF No. 42). The Court agrees.

#### 1. *The PLRA's Exhaustion Requirement*

Under the PLRA, a prisoner may not bring an action, "under [§ 1983] or any other Federal law," to challenge his conditions of confinement until all available administrative remedies have been exhausted. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 85 (2006). This "exhaustion" requirement serves two main purposes: it promotes efficiency by encouraging the resolution of claims at the agency level before litigation is commenced, and it protects administrative authority by allowing the agency an opportunity to correct its own mistakes before being haled into federal court. *See Woodford*, 548 U.S. at 89. The Supreme Court has held that this "exhaustion requirement requires proper exhaustion." *Id.* at 93. Proper exhaustion requires "compliance with an agency's deadlines and other critical procedural rules." *Id.* at 90. Failure to exhaust is an affirmative defense that must be raised by a defendant, and on which the defendant bears the burden of proof. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Vandiver v. Corr. Med. Servs., Inc.*, 326 F. App'x 885, 888 (6th Cir. 2009).

#### 2. *The MDOC's Exhaustion Procedures*

In determining whether a plaintiff has properly exhausted his claim, the only

4

relevant rules "are defined not by the PLRA, but by the prison grievance process itself." *Jones*, 549 U.S. at 200. In Michigan's correctional facilities, prisoner grievances are governed by MDOC Policy Directive 03.02.130, entitled "Prisoner/Parolee Grievances" (the "Policy"). (ECF No. 42-3).³ A state prisoner must first complete the process outlined in the Policy – including pursuing a grievance through "all three steps of the grievance process" – before he can file a lawsuit challenging the alleged unlawful conduct. (*Id.* at ¶ C). The Policy provides that if a prisoner cannot resolve his dispute with the staff member involved, he has five business days to file a Step I grievance. (*Id.* at ¶¶ Q, W). If the prisoner is dissatisfied with the Step I response, he may submit a grievance appeal to the Step II Grievance Coordinator within ten business days after receipt of the Step I response, or if no timely response is received, within ten business days of the date the response was due. (*Id.* at ¶ DD). If the grievant is dissatisfied with, or does not receive, a Step II response, he has ten business days within which to file a final appeal at Step III. (*Id.* at ¶ HH). Again, an inmate may only pursue a claim in court if he has complied with his obligations at each of these three steps. (*Id.* at ¶ C).

      3.    *Plaintiff Fails to Raise a Genuine Issue of Material Fact as to Whether He Properly Exhausted his Claims Against Romanowski*

In his motion, Romanowski argues that Plaintiff did not properly exhaust his retaliation claim against him because, although he pursued – through Step III – two

---

³ Although Romanowski has provided to the Court with two versions of the Policy – one effective July 9, 2007, and the other effective March 18, 2019 (ECF Nos. 42-2, 42-3) – there are no material differences between the two versions for purposes of this lawsuit. Thus, the Court will refer to the more current version (ECF No. 42-3) when setting forth the MDOC's grievance procedure.

grievances during or after August 2017 regarding events that occurred at the Detroit Reentry Center, neither of these grievances asserted any claims against Romanowski. (ECF No. 42, PageID.156-57). In support of his motion, Romanowski provides a copy of Plaintiff's "MDOC Prisoner Step III Grievance Report," as well as the underlying documentation, which shows the following about those two grievances:

| Grievance No. | Romanowski Named at Step I? | Issue(s) Grieved at Step I (Filed Date) | Grievance Outcome |
|---|---|---|---|
| PRF-19-04-0166-28i | No | On March 28, 2019, Plaintiff's parole-related interstate compact agreement application was not processed. (filed April 1, 2019) | Step I: rejected (for failing to attempt to resolve issue before filing grievance) Step II: rejection affirmed Step III: rejection affirmed |
| PRF-17-09-0558-29z | No | On September 5, 2017, Plaintiff was improperly expelled from the RSAT[4] program. (filed September 19, 2017) | Step I: denied Step II: denied Step III: denied |

(ECF No. 42-4). Romanowski argues, then, that because these two grievances are the only ones Plaintiff exhausted related to the time period in question, and neither grievance asserted any claims against Romanowski, any such claims are not properly exhausted under the MDOC's policies and procedures. (ECF No. 42, PageID.156-57) (citing *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010)).

---

[4] "RSAT" refers to the MDOC's Residential Substance Abuse Treatment program. (ECF No. 1, PageID.7).

In response to Romanowski's motion, Plaintiff says only that he "did file a grievance on the issue and exhausted his remedies. The grievance was one of the reasons he got retaliated [against] when they removed him from [the] R.S.A.T. [program] and sent him to [the Charles E. Egeler Reception and Guidance Center ("RGC")] to see the parole board." (ECF No. 45, PageID.200). This argument fails for three reasons.

First, giving Plaintiff the benefit of the doubt, in Grievance No. PRF-17-09-0558-29z – which related to his removal from the RSAT program – Plaintiff specifically alleged that Defendant Scott Montgomery removed him from the program. (ECF No. 42-4, PageID.195). Thus, where Romanowski was not named anywhere in the grievance, it cannot be said to be properly exhausted against him. *See, e.g., Claybron v. DeAngelo*, No. 21-11953, 2023 WL 2572456, at *4 (E.D. Mich. Mar. 20, 2023) (the fact that the plaintiff "has filed a grievance against two specific prison employees does not exhaust his claims against every administrator who is exposed to that grievance"). Second, even if Plaintiff did file a separate grievance against Romanowski, as he suggests, the undisputed evidence shows that he did not pursue that grievance through Step III, as it does not appear anywhere on the Step III Grievance Report. (ECF No. 42-4). And, finally, Plaintiff appears to argue that the alleged filing of that grievance was the *reason* he was later subjected to retaliation by Romanowski. But that argument lacks merit because, logically, an inmate cannot exhaust a claim by filing a grievance *before* the claim arose.

In sum, where the undisputed evidence establishes that Plaintiff failed to pursue through Step III any grievances related to Romanowski's alleged retaliation against him, he has failed to exhaust his administrative remedies as to that claim. Because he was

required to exhaust his claims before commencing this action, 42 U.S.C. § 1997e(a); *Woodford*, 548 U.S. at 85, Romanowski's motion for summary judgment on exhaustion grounds should be granted. *See, e.g., Green v. Douglas*, No. 22-10101, 2022 WL 3215004, at *3-4 (E.D. Mich. Aug. 9, 2022) (granting summary judgment in favor of defendants where plaintiff did not exhaust his administrative remedies through Step III); *Moses v. Campbell*, No. 20-13366, 2022 WL 3337173, at *4 (E.D. Mich. May 25, 2022) (same).

### III. CONCLUSION

For the reasons set forth above, **IT IS RECOMMENDED** that Romanowski's Motion for Summary Judgment on the Basis of Exhaustion **(ECF No. 42)** be **GRANTED**.

Dated: April 17, 2023  s/David R. Grand
Ann Arbor, Michigan  DAVID R. GRAND
United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to the proposed findings and recommendations set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also*

8

*Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 17, 2023.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager
