UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE OPOKU-AGYEMANG,

    Plaintiff,    Civil Action No. 18-13125

v.           Terrence G. Berg
            United States District Judge

SCOTT MONTGOMERY, *et al.*,  David R. Grand
            United States Magistrate Judge

    Defendants.
_____/

## REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S COMPLAINT AS AGAINST SCOTT MONTGOMERY AND MS. PARKER FOR FAILURE TO PROSECUTE

**I. REPORT**

On October 5, 2018, *pro se* plaintiff George Opoku-Agyemang ("Plaintiff"), an incarcerated person, commenced this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1). Pursuant to 28 U.S.C. § 636(b), all pretrial matters have been referred to the undersigned. (ECF No. 25).

An inmate bringing a civil rights complaint must specifically identify each defendant against whom relief is sought and give each defendant notice of the action by serving on him or her a summons and copy of the complaint. *See* Fed. R. Civ. P. 4. Where, as here, a plaintiff is proceeding without having to prepay the filing fee, the district court bears the responsibility for issuing the plaintiff's process to a United

States Marshal, who must effectuate service on the defendants once the plaintiff has properly identified them in the complaint. *See* 28 U.S.C. § 1915.

On September 12, 2022, the Court issued an Order Directing Plaintiff to Provide Addresses for Service, in which it noted, in relevant part, that the Marshal had unsuccessfully attempted service on Defendants Scott Montgomery and Ms. Parker. (ECF No. 29). Thus, the Court ordered Plaintiff to provide the correct addresses for these individuals on or before September 26, 2022. (*Id.*, PageID.109). On October 11, 2022, the Court docketed a filing in which Plaintiff provided addresses at which he believed each of these defendants could be served. (ECF No. 30). As a result, on October 12, 2022, the Court ordered the Marshal to serve a copy of Plaintiff's First Amended Complaint and a Request to Waive Service of a Summons on Scott Montgomery and Ms. Parker at the following address, which Plaintiff had provided: Detroit Reentry Center, 17600 Ryan Rd., Detroit, MI 48212. (ECF No. 31). In that Order, Plaintiff was warned that if these individuals were unable to be served at the address provided, the Court might issue an Order to Show Cause as to why they should not be dismissed from the case without prejudice. (*Id.*, PageID.114).

Subsequently, the service packets for Scott Montgomery and Ms. Parker were returned unexecuted. (ECF No. 35). At the same time these mailings were returned, the Court received correspondence from the Michigan Department of Corrections

("MDOC"), indicating that these individuals were not MDOC employees (or former employees) but, instead, were believed to have worked for CPI. (*Id.*, PageID.124). The MDOC provided CPI's last known address, which was 1255 N. Oakland Blvd., Waterford, MI 48327. (*Id.*). Upon receipt of this correspondence, the Marshal again attempted service on Scott Montgomery and Ms. Parker, this time at CPI's Waterford, Michigan address. (ECF No. 36). However, neither defendant was able to be served at this address.

Therefore, on April 24, 2023, the Court issued an order requiring Plaintiff to show cause, on or before May 12, 2023, why this action should not be dismissed without prejudice, as against Scott Montgomery and Ms. Parker. (ECF No. 49). To date, Plaintiff has failed to respond to the Court's Order to Show Cause or to provide any other address(es) at which service can be attempted on Scott Montgomery or Ms. Parker.

A court may dismiss an action under Fed. R. Civ. P. 41(b) when a plaintiff fails to prosecute, comply with the Federal Rules, or comply with a court order. In deciding whether to dismiss for these reasons, a court should consider (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the delinquent party's conduct; (3) whether the delinquent party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *See*

3

*Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001).  Moreover, under Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court … must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

Applying these principles to the instant case, the Court finds that all four factors weigh in favor of dismissal.  First, despite the Court putting Plaintiff on notice of the significance of the failed attempts to serve Scott Montgomery and Ms. Parker, Plaintiff has failed to respond to the Court's Order to Show Cause in any manner whatsoever.  While the Court does not presume this is the result of bad faith or willfulness, Plaintiff is clearly at fault for failing to comply with the Court's order.  With respect to the second factor, Scott Montgomery and Ms. Parker would be prejudiced by allowing this case to continue to remain pending against them, when Plaintiff has not complied with the Court's directives or otherwise provided the Court with information about where they can be served.

The third and fourth factors also weigh in favor of dismissal in light of the Court's Order to Show Cause; Plaintiff simply failed to respond to that order, which was issued more than one month ago.  (ECF No. 49).  Thus, Plaintiff has been on notice for weeks that his failure to provide accurate addresses for Scott Montgomery and Ms. Parker could lead to dismissal of his claims against them, yet he has neither remedied this deficiency nor offered any explanation as to why he has not done so.

Moreover, given the length of time that has passed since the initiation of this lawsuit, the fact that service on Scott Montgomery and Ms. Parker has been attempted multiple times, and the fact that Plaintiff has not responded to the Court's most recent order, the Court sees no utility in imposing a sanction short of dismissal.

Thus, having considered the relevant factors, it is appropriate to dismiss this action, as against Scott Montgomery and Ms. Parker, pursuant to Rules 4(m) and 41(b) due to Plaintiff's failure to provide sufficient addresses for service, as well as his failure to comply with the Court's Order to Show Cause. Under Rule 4(m), such a dismissal should be without prejudice.

## II.  RECOMMENDATION

For the reasons stated above, the Court **RECOMMENDS** that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** as against Scott Montgomery and Ms. Parker.

Dated: May 31, 2023             s/David R. Grand
Ann Arbor, Michigan             DAVID R. GRAND
                                United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to the proposed findings and recommendations set forth above. *See* 28 U.S.C. §636(b)(1);

5

Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1).  Failure to timely file objections constitutes a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005).  Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have.  *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).  Copies of any objections must be served upon the Magistrate Judge.  *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy.  *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1).  Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 31, 2023.

                                                          s/Eddrey O. Butts
                                                          EDDREY O. BUTTS
                                                          Case Manager