UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE OPOKU-AGYEMANG,

        Plaintiff,         Civil Action No. 18-13125

v.         Terrence G. Berg
        United States District Judge

SCOTT MONTGOMERY, *et al.*,         David R. Grand
        United States Magistrate Judge

        Defendants.
_____/

## REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S COMPLAINT AS AGAINST DR. DINSA FOR FAILURE TO PROSECUTE

**I. REPORT**

On October 5, 2018, *pro se* plaintiff George Opoku-Agyemang ("Plaintiff"), an incarcerated person, commenced this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1). Pursuant to 28 U.S.C. § 636(b), all pretrial matters have been referred to the undersigned. (ECF No. 25).

An inmate bringing a civil rights complaint must specifically identify each defendant against whom relief is sought and give each defendant notice of the action by serving on him or her a summons and copy of the complaint. *See* Fed. R. Civ. P. 4. Where, as here, a plaintiff is proceeding without having to prepay the filing fee, the district court bears the responsibility for issuing the plaintiff's process to a United

States Marshal, who must effectuate service on the defendants once the plaintiff has properly identified them in the complaint. *See* 28 U.S.C. § 1915.

On September 12, 2022, the Court issued an Order Directing Plaintiff to Provide Addresses for Service, in which it noted, in relevant part, that Plaintiff had failed to provide the Court with the address of Defendant Dr. Dinsa and, as a result, the United States Marshal could not serve him. (ECF No. 29). Thus, the Court ordered Plaintiff to provide the correct address for Dr. Dinsa on or before September 26, 2022. (*Id.*, PageID.109). On October 11, 2022, the Court docketed a filing in which Plaintiff purportedly provided an address at which he believed Dr. Dinsa could be served. (ECF No. 30). As a result, on October 12, 2022, the Court ordered the Marshal to serve a copy of Plaintiff's First Amended Complaint and a Request to Waive Service of a Summons on Dr. Dinsa at the following address, which Plaintiff had provided: Woodland Center Correctional Facility, 9036 East M-36, Whitmore Lake, MI 48189. (ECF No. 31). In that Order, Plaintiff was warned that if Dr. Dinsa was unable to be served at the address provided, the Court might issue an Order to Show Cause as to why he should not be dismissed from the case without prejudice. (*Id.*, PageID.114).

Subsequently, Dr. Dinsa was unable to be served at the address provided by Plaintiff. However, suspecting that Dr. Dinsa may be a former State of Michigan prison employee, and in an attempt to assist with Plaintiff's service efforts, the Court

asked the Michigan Department of Corrections ("MDOC") to furnish the Marshal with Dr. Dinsa's last known address. (ECF No. 47). However, the MDOC did not provide any information that would advance the Court's attempts at service in this case. Thus, despite this Court's best efforts, Dr. Dinsa was unable to be served.

Therefore, on May 31, 2023, the Court issued an order requiring Plaintiff to show cause, on or before June 16, 2023, why this action should not be dismissed without prejudice, as against Dr. Dinsa. (ECF No. 51). To date, Plaintiff has failed to respond to the Court's Order to Show Cause or to provide any other address at which service can be attempted on Dr. Dinsa.

A court may dismiss an action under Fed. R. Civ. P. 41(b) when a plaintiff fails to prosecute, comply with the Federal Rules, or comply with a court order. In deciding whether to dismiss for these reasons, a court should consider (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the delinquent party's conduct; (3) whether the delinquent party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *See Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001). Moreover, under Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court … must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

3

Applying these principles to the instant case, the Court finds that all four factors weigh in favor of dismissal.  First, despite the Court putting Plaintiff on notice of the significance of the unsuccessful attempts to serve Dr. Dinsa, Plaintiff has failed to respond to the Court's Order to Show Cause in any manner whatsoever. While the Court does not presume this is the result of bad faith or willfulness, Plaintiff is clearly at fault for failing to comply with the Court's order.  With respect to the second factor, Dr. Dinsa would be prejudiced by allowing this case to continue to remain pending against him, when Plaintiff has not complied with the Court's directives or otherwise provided the Court with information about where he can be served.

The third and fourth factors also weigh in favor of dismissal in light of the Court's Order to Show Cause; Plaintiff simply failed to respond to that order, which was issued nearly one month ago.  (ECF No. 51).  Thus, Plaintiff has been on notice for weeks that his failure to provide an accurate address for Dr. Dinsa could lead to dismissal of his claims against Dr. Dinsa, yet Plaintiff has neither remedied this deficiency nor offered any explanation as to why he has not done so.  Moreover, given the length of time that has passed since the initiation of this lawsuit, the fact that service on Dr. Dinsa has been attempted multiple times, and the fact that Plaintiff has not responded to the Court's most recent order, the Court sees no utility in imposing a sanction short of dismissal.

4

Thus, having considered the relevant factors, it is appropriate to dismiss this action, as against Dr. Dinsa, pursuant to Rules 4(m) and 41(b) due to Plaintiff's failure to provide a sufficient address for service, as well as his failure to comply with the Court's Order to Show Cause. Under Rule 4(m), such a dismissal should be without prejudice.

## II. RECOMMENDATION

For the reasons stated above, the Court **RECOMMENDS** that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** as against Dr. Dinsa.

Dated: June 27, 2023　　　　　　　　　　s/David R. Grand
Ann Arbor, Michigan　　　　　　　　　　DAVID R. GRAND
　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to the proposed findings and recommendations set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all

objections a party may have.  *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).  Copies of any objections must be served upon the Magistrate Judge.  *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy.  *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1).  Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 27, 2023.

s/Eddrey O. Butts<br>
EDDREY O. BUTTS<br>
Case Manager